Gregory *v.* Haynes.

---

## GREGORY *v.* HAYNES *et al.*

A DECREE reciting that "this action having been continued, in consequence of the death of the plaintiff, by his executor, Samuel Webb, and the jury having found a verdict for the plaintiff, it is now ordered," etc. clearly shows the suggestion of the death of the original plaintiff, and a continuance of the cause or a revival

of it, in the name of the executor. At all events, any irregularity in this respect cannot be attacked collaterally.

A purchaser of land subsequent to a suit brought against his vendors to quiet title, and to a notice of *lis pendens* filed in the County Recorder's office, is a mere volunteer, who takes subject to any decree in the suit.

This decree is conclusive as to plaintiff, who was the executor of deceased, with general power under the will to sell the real estate of his testator, and conclusive as to the defendants and their vendee, the purchaser here.

A defendant in ejectment, entering under a deed executed by order of a Court of competent jurisdiction, enters under color of title. He is not a naked trespasser, and may set up an outstanding title in a third person.

Mere prior possession of land, cannot prevail against the present possession of defendant, taken under claim of title derived, regularly or not, from the rightful owner.

Defendant had been let into possession under judgment in ejectment by him against C. This judgment is afterwards reversed. C sells to G. *Held*, that defendant's possession was sufficient, until restored by due course of law, to break the force of the claim of G, based upon the prior possession of C.

If an executor, claiming power under a will to sell, and in possession under judgment against C as above, execute a deed to defendant, who takes possession thereunder, then defendant can set up outstanding title in the executor or his testator, as against C, even though he could not, from defects in his deed, or want of power in the executor, assert title against the estate of deceased.

*Quere*, whether, under our statute, an executor with power in the will to sell real estate, may not sell without the preliminary proceedings required for the sale of real estate of deceased persons to pay debts; and, whether such sale would be a nullity, if approved by the Probate Court?

APPEAL from the Fourth District.

The facts appear in the opinion.

*John Gregory,* Appellant, in person.

The positions taken by Appellant appear in the opinion of the Court. And, as authorities were not cited, it is not deemed necessary to give the argument.

*Robert C. & Daniel Rogers,* for Respondent, as to the effect of the decree in the suit of *Wenborne* v. *Barton & Wife,* cited : 1 Gr. Ev. Sec. 528; *Harvey* v. *Richards,* 2 Gall. 229 ; *Hibshman* v. *Dulleban,* 5 Watts, 183; 1 Salk. 276 ; 3 Id. 151 ; 3 East, 346 ; *Emburg* v. *Connor,* 3 Com. 522; *Marsh* v. *Pier,* 4 Rawle, 288, 289 ; 17 Serg. & R. 319—324; and argued, as to the point, that the death of Wenborne was not properly suggested; that the decree cannot be for this attacked collaterally; and, further, that there was no irregularity. (*Stearns* v. *Aguirre,* 7 Cal. 443.)

The principle that a defendant must connect himself with the outstanding title has never been adopted, except where the action is brought solely upon prior actual possession, and where the defendant is a mere trespasser. (*Bird* v. *Lisbros,* 9 Cal. 1.)

Appellant relies upon strict title alone.

The title to the premises was in Wenborne before the alleged

second conveyance was made by Boston and wife to Calderwood, as was conclusively shown by the judgment in the suit of *Wenborne* v. *Boston & Wife*. (*Littleton* v. *Cross*, 3 B. & C. 317.)

Webb having been put into possession by decree of Court in the ejectment against Calderwood, had both title and possession. The decree was conclusive. (*McPherson* v. *Cunliff*, 11 Serg. & R. 422; *Snyder* v. *Sugden*, 6 Binn. 429.) So with the order of the Probate Court directing the executor to make a deed to C. C. Webb.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Ejectment for a lot in San Francisco. The complaint sets forth a deraignment of title from Hyde, Alcalde of San Francisco, in 1847, through a number of mesne conveyances to the plaintiff. The answer admits the original source of title; but denies that, on the 3d day of June, 1854, when one Sarah Boston, and William Boston, her husband, conveyed the lot to one David Calderwood, they had title to the same, as complaint charges, and defendants therefore deny that the said Sarah and William conveyed the property to David Calderwood. The plaintiff claims in his complaint, title by or through this conveyance.

The answer sets up, further, that on the 13th of February, 1854, William Boston and Sarah Boston, by their Attorney in fact, specially constituted, conveyed to a certain John A. Wenborne the premises in question; that Wenborne died on the 4th June, 1854, leaving a will, wherein Samuel Webb was left his executor, with power to sell his estate without order of sale; that on the 25th September, afterwards, Samuel Webb sold this property to C. C. Webb, which sale was confirmed by the Probate Court, and on the 29th February, 1856, C. C. Webb sold and conveyed to defendant, Haynes.

The answer sets up a further defense: that on the 13th May, 1854, Wenborne, then being in life, filed a bill to quiet title to the premises, in the Superior Court of San Francisco. The bill was filed against William Boston and wife—a notice of *lis pendens* was filed at the same time in the office of the County Recorder. The suit was tried on the —— day of October, 1854, and a verdict rendered for the plaintiffs, and a decree rendered in accordance with this finding.

The present case was tried by a jury, and a verdict for the defendants rendered, and judgment accordingly.

On the trial, divers exceptions were taken by the plaintiff, and these constitute the matters for revision on appeal.

It will be observed that the plaintiff, in deraigning his title, shows that on the 3d of June, 1854, Boston and wife conveyed to Calderwood. This was by quitclaim deed. To break this chain of title, the defendants aver that before this time, viz: on the 13th of February, 1854, Boston and wife conveyed, by their Attorney in fact, to Wenborne, from whom the defendants deduce title, and the defendants further assert that in May, 1854, Wenborne brought suit to quiet title, a notice of *lis pendens* being filed. A decree was rendered in this suit in October, 1854.

Several objections are made to this decree: 1. It is said that it was rendered after the death of Wenborne, and is therefore void. We do not understand the record as showing this fact. The decree is: "This action having been continued, in consequence of the death of the plaintiff, by his executor, Samuel Webb, and the jury having found a verdict for the plaintiff, it is now ordered," etc. We think this recital clearly shows, whether with formality or not, the suggestion of the death of the original plaintiff, and a continuance of the cause, or a revival of it, in the name of the executor. If there was any irregularity in all this, it cannot be corrected in this collateral way.

The effect of the *lis pendens* was to make a subsequent purchaser from Boston and wife a mere volunteer, affected by the judgment rendered, or which might be rendered in the suit, of the pendency of which notice was given.

The next suggestion is as to the effect of this decree. This suit embraced the precise matter in controversy here, that is to say, the title to this property. The plaintiff, Wenborne, claimed the title as against Boston and wife, and Webb was the executor of Wenborne, with general power to sell the real estate of his testator. He had qualified and taken upon himself the executorial office. The decree was, therefore, conclusive as to the plaintiff, Webb, and Boston and wife, and equally so as to the vendee of Boston and wife becoming such subsequently to the suit, and the filing of the *lis pendens*. It is argued, however, that there was some proof of prior possession by Calderwood,

and the plaintiff, or his predecessors, and that no connection was shown between the defendants and the title of Webb or Wenborne; and it is argued that the defendants could not, therefore, shelter themselves under the outstanding title of Webb or Wenborne, and that they had none in themselves.

For the purpose of showing a connection between the claim of defendants and the title of the executor, a paper purporting to be an order of confirmation of sale of the premises to C. C. Webb by the executor, was produced. This order was made by the Probate Court, and recited the will, the appointment and qualification of the executor, and his report of a sale of the property of the testator under the directions of the will, and a sale of the lot to C. C. Webb; and it confirms the sale and orders a deed to be made to the purchaser. The deed from the executor to C. C. Webb, and from the latter to the defendant, was shown. The will was offered by the defendants, but, for some reason, excluded by the Court.

It is very true that this Court has held that a mere trespasser cannot set up an outstanding title in a third person. (*Bequette* v. *Caulfield*, 4 Cal. 278.) But this rule does not cover the case at bar. The defendants entering under a deed executed under order of a Court of competent jurisdiction, entered under color of title. They do not stand in the condition of a naked trespasser. Whether the title was good or not, there was an entry shown under claim of title. But as in the action of *Webb, Executor,* v. *Boston & Wife*, the effect of the decree was to declare the title in the executor, additional force is given to this view. We do not see how the mere fact of a prior possession by Calderwood or Gregory, could prevail against the present possession of defendant, taken under claim of title derived, whether regularly or not, from the rightful owner. (*Jackson* v. *Morse*, 16 Johns. 197.)

But, in addition to this, there was evidence tending to show that the executor, Webb, had been let into possesion under judgment in ejectment by him against Calderwood, before Calderwood's sale to Gregory, and though this judgment was afterwards reversed, yet this possession was sufficient, until restored by due course of law, to break the force of the claim derived from the mere fact of prior possession. If the executor of Wen-

borne, claiming power to sell and the right of possession, exe-
cuted a deed to C. C. Webb, who sold and conveyed to the plain-
tiff, and the latter took possession accordingly; and, especially,
if Webb had before recovered and taken the actual possession,
we think, even if the defendants could assert no title as against
the estate of Wenborne, there would be enough in these facts to
justify the defendants in setting up this outstanding title, under
which they assumed to enter.

It is not necessary to pass upon the title of the defendants, as
the facts are not fully before us. But it is not shown, that,
under our statute, an executor, with power in the will to sell the
real estate, is forbidden to sell without taking the preliminary
proceedings prescribed by the general law for the sale of real
estate of deceased persons, when necessary for paying debts,
and especially, that such sale would be a nullity if approved by
the Probate Court. But it is not necessary for us to decide this.

Various other points are made in the briefs, but it is not neces-
sary to notice them, the view we have taken of the case being
decisive of it on the merits.

Judgment affirmed.