(February 4, 1898.)

## RAFT RIVER LAND AND CATTLE CO. v. LANGFORD.

[51 Pac. 1027.]

COSTS—WHAT PREVAILING PARTY IS ENTITLED TO.—Where an order
to show cause why an injunction should not issue is apparently
heard by consent or agreement of parties, without any attempt to
comply with the provisions of the statute in relation thereto,
the prevailing party is entitled to recover disbursements actually
and necessarily made in preparing for such hearing, including the
cost of procuring witnesses; and where, upon an appeal from an
order made upon such hearing, an appeal is taken, the prevailing
party being the appellant he is entitled to tax in his costs the
amount paid by him to procure a copy of the evidence from the
court stenographer, i. e., reporter.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Moyle, Zane & Costigan, for Appellant.

The court erred in holding that as a matter of law the appellant, F. M. Langford, was not entitled to tax against the respondents the seventy-five dollars fees actually expended by him for the typewritten copy of the court reporter's stenographic report of the testimony at the hearing. The court erred in holding as a matter of law that witnesses are not entitled to mileage beyond the county line of the county where the cause is tried. On the right of appellant to tax up against the plaintiffs the cost of the stenographer's typewritten transcript of the record, section 5 of the act approved March 8, 1895, and found in the Laws of Idaho of 1895, pages 69, 70. The right of the appellant to some mileage for his witnesses is not disputed here. The appeal is from so much only of the order reducing the mileage as confines his right to mileage within the county where the case was tried. The only provisions of the Idaho statutes that can possibly have any bearing on the question of mileage are the following sections of the Revised Statutes of Idaho, 1887, to wit, sections 6139, 6039; and the sections of an act relative to depositions approved March 6, 1893. (Laws 1893, pp. 133, 134.) Section 6039 of the Idaho Stat-

utes of 1887, providing that a witness is not obliged to attend court out of the county in which he resides, unless the distance be less than thirty miles from his place of residence to the place of trial, does not prohibit the granting of full mileage to a witness attending from a greater distance and such a witness is entitled to full mileage. (*Briggs v. Rumely Co.,* 96 Iowa, 202, 64 N. W. 784; *Alexander v. Harrison,* 2 Ind. App. 47, 28 N. E. 119; *Wilson v. St. Louis etc. R. R. Co.,* 53 Mo. App. 342.) Moreover, the fact that the deposition of a witness can be taken and used does not mean that he cannot come himself and charge his witness fees for doing so, for he can. (*Alabama Midland Ry. Co. v. Rushing,* 102 Ala. 542, 15 South. 853.)

Hawley & Puckett, for Respondents.

We call the court's attention to section 5, 1st Session Laws, page 234, and the fact that the portion of the section referred to by counsel for appellant has been a part of the statute since 1891. Section 4912 of the Revised Statutes gives the prevailing party in certain cases the right to recover costs, and upon that section all cost-bills must be based. (*Griffiths v. Montandon,* 4 Idaho, 75, 35 Pac. 704; *McDonald v. Burke,* 3 Idaho, 266, 35 Am. St. Rep. 276, 28 Pac. 440.) Section 274 of the California Code of Civil Procedure is in effect the same as our first session laws in reference to charging reporter's fees. (See *Barkly v. Copeland,* 86 Cal. 493, 25 Pac. 3.) The question of costs is discretionary with the judge, and where any item appears to be improper as in this case, it should be stricken out on motion as was done in the case at bar. (*Miller v. Highland Ditch Co.,* 91 Cal. 103, 27 Pac. 536.) There was no need to have witnesses present as their affidavits might have been used upon the hearing, and that when the parties chose to bring their witnesses in person and take their evidence before the court, they did so of their own volition, and there is no authority of law by which their mileage and *per diem* can be charged against the losing party. (*Butcher v. Vaca V. R. R.,* 56 Cal. 599; *Mylius v. St. Louis etc. Ry. Co.,* 31 Kan. 232, 1 Pac. 619; *Clark v. Dewey,* 5 Johns. (N. Y.) 250; *Wickham v. Seeley,* 18 Wend. 649; *United States Equitable Life A. Co. v. Hughes,* 125 N. Y. 106, 26 N. E. 1.)

HUSTON, J.—The plaintiffs brought suit in the district court for Cassia county to restrain defendant from using the waters of Raft river from the first day of October to the first day of April. Upon the filing of plaintiffs' complaint, an order to show cause at the town of Hailey, in Blaine county, Idaho, on the fifth day of December, 1895, why an injunction should not issue as prayed, was issued, and duly served upon the defendant. The complaint of plaintiffs was filed on November 6, 1895. The order to show cause was issued on November 13, 1895. The answer of defendant, specifically denying the allegations of the complaint, was filed on November 26, 1895. Upon the hearing upon the order to show cause, an injunction was issued as prayed in plaintiffs' complaint. From the order of the court directing the issuance of such injunction an appeal was taken by defendant to this court, which reversed said order, and remanded said cause to the district court for Cassia county for further proceedings in accordance with the decision of this court therein. It seems, on the coming down of the *remittitur* from the supreme court to the district court, the defendant filed in said district court his memorandum of costs upon the appeal, as well as upon the hearing upon the said order to show cause. No other proceedings appear to have been taken in the district court upon the original case. On February 10, 1897, plaintiffs filed a motion in said district court to retax costs. Said motion was heard before the judge of said district court, and on the 14th of September, 1897, said judge made an order striking out and disallowing from said memorandum of costs, so as aforesaid filed by defendant, the item of seventy-five dollars included therein for reporter's fees. Subsequently, and as would seem from the record, at the September term of said district court for Cassia county, the plaintiffs moved the court to retax the said costs by striking from the memorandum of costs filed by defendant the sum included therein for mileage of witnesses on the part of defendant, who appeared and testified upon the hearing upon the order to show cause as aforesaid. Upon the hearing of said motion the said court did make an order limiting the allowance for mileage to witnesses on the part of defendant to thirty-two miles' travel in each case. The defendant ap-

peals from the action and orders of the district court in so reducing the amount of defendant's memorandum of costs.

The first error charged by appellant is in the action of the district judge in striking from the appellant's memorandum of costs, and disallowing, the charge of seventy-five dollars paid by appellant to the court stenographer for a copy of the evidence taken upon the hearing on the order to show cause. Section 5 of the act of March 8, 1895, in relation to court stenographers of district courts, provides: "It shall be the duty of each reporter to furnish on the application of . . . . any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive in addition to his salary a fee of fifteen cents per hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action." Respondents contend that as this was not a trial before the court, but a proceeding before the judge at chambers upon a motion to show cause, the provisions of said section 5 do not apply, and this appears to have been the view of the district judge. We cannot agree with this conclusion. The statute says nothing about a trial; the only designation is, "a suit in which a stenographic record has been made." The suit instituted by plaintiffs was for the sole purpose of procuring an injunction to restrain appellant from using the waters of Raft river during a certain period, to wit, between the first day of October and the first day of April. By order of the court this question was heard and determined before the district judge of Hailey, in Blaine county. No other trial or hearing was ever had in the case. The whole matter was then and there heard and determined, so far as the district court was concerned. The stenographer is an officer of the district court, and as such is presumed to be in attendance upon the court, or the judge thereof, whenever his attendance is required. It will scarcely be contended, we apprehend, that the district judge would dispense with the services of the stenographer upon a hearing of the character, importance and extent of the one in this case. The making of a "stenographic record" in this case was indispensable to a proper consideration of the case by the

judge, and, such "stenographic record" having been made, the appellant was entitled to a copy thereof on payment to the reporter of the fees thereof prescribed by law. Such copy being necessary to the appellant in the preparation of his appeal or bill of exceptions, and having paid the same, and having finally prevailed in the action, he is entitled to tax the same as costs against the plaintiff. The statute is plain and unambiguous, and, the appellant having brought himself clearly within its provisions, he is entitled to the benefits thereof.

From an examination of the section of the statute last quoted, it will, we think, be apparent that the incurring of costs in a proceeding like that under consideration is largely within the discretion of the parties litigant, and it would therefore be impracticable to enunciate an arbitrary rule to govern the allowance of costs in all cases arising under that statute. The case is one in equity. The complaint sought an injunction, and that only. The court ordered the hearing upon the order to show cause to be heard at Hailey, Blaine county, some two hundred miles distant from the place where the action was pending, to wit, Albion, Cassia county. Before the time set for the hearing upon the order to show cause, to wit, on November 26, 1895, the defendant filed his duly verified answer, specifically denying all of the material allegations of the complaint. At the hearing of the motion to show cause the case stood upon complaint and answer. No affidavits had been filed or served by plaintiffs, as contemplated by section 4297 of the Revised Statutes. It will, we think, be apparent, from an examination of this section of our statutes, that it is not contemplated therein that any hearing, either upon an order to show cause or an application to dissolve an injunction as in said section provided for, shall be heard otherwise than upon the pleadings in the case and affidavits filed in support thereof, except as in said section provided, where, upon notice by the adverse party, the moving party is required "to produce at the hearing, for cross-examination before the court or judge, the affiants of the affidavits upon which he relies for the injunction or to resist the application for its dissolution." It is only when the party opposing the motion or required to respond to the order to show cause has

by notice required the moving party to produce the affiants of his affidavits, at the hearing for cross-examination, that such opposing party is authorized or required by the statute to produce witnesses upon the hearing. Under the conditions existing at the time of the hearing, the case being upon complaint and answer, and the answer having fully and positively denied all of the allegations of the complaint, the defendant would, on motion, have been entitled to a dismissal of the restraining order, and a refusal of the preliminary injunction prayed for in plaintiff's complaint. The fact that this course was not pursued by defendant leads us to believe that the course that was taken was the result of some agreement or understanding between the parties. If this were so, it would be inequitable to permit the plaintiffs to evade the payment of costs incurred by defendant by reason of or through the acts of plaintiffs. If the defendant had not produced his witnesses at the hearing, which under the statute he was not compelled to do, a continuance of the hearing would have been inevitable. This would have involved delay which it is reasonable to presume would have been undesirable to plaintiffs. No affidavits having been filed or served by plaintiffs, they consequently not having been required by the defendant to produce the affiants of the affidavits for cross-examination by defendant, plaintiffs would not, we think, in the event of their having prevailed, been entitled, under the statute, to tax the cost of procuring the attendance of their witnesses against defendant. Upon such hearing, in our opinion, neither party is entitled to recover witness fees, unless he is required to produce such witnesses as provided in the statute, or the witnesses are produced under an agreement, by the consent of both parties. In this case the conduct of both parties seems clearly to indicate an agreement or understanding that the hearing should be had, as it was, without a compliance by either party with the exigencies of section 4297 of the Revised Statutes. Assuming, as we think from the record we are authorized to do, these conditions, we must decide the question of costs as we think the conditions of this case equitably demand. The production of his witnesses by the defendant having, as we are permitted to presume, been agreed to

by plaintiffs, and the convenience of the plaintiffs having been served thereby, we deem it no more than just and equitable that the cost of their production should be borne by the plaintiffs, they having failed to establish their case. The objection that the mileage of witnesses in this case should be limited to the distance they could have been compelled to come upon process is not, we think, well taken. As before stated, the hearing seems to have been had by consent or agreement of the parties, and in such cases the provisions of the statute in that regard do not apply. (*Briggs v. Rumely,* 96 Iowa, 2902, 64 N. W. 784; *Alexander v. Harrison,* 2 Ind. App. 47, 28 N. E. 117.) It is evident the taking of depositions to be used on the hearing upon the order to show cause was impracticable. The judgment and the order of the district court is reversed, and the cause remanded to the district court, with instructions to allow the reporter's fees and cost of witnesses, as in the memorandum of defendant.

Sullivan, C. J., and Quarles, J., concur.