**CITY LINE CENTER, Inc., et al. v. LOEW'S, Inc., et al.**

No. 10036.

United States Court of Appeals Third Circuit.

Argued Oct. 7, 1949.

Decided Nov. 29, 1949.

C. Brewster Rhoads, Philadelphia, Pa., and Albert M. Cohen, Philadelphia, Pa., for appellants.

Morris Wolf, Philadelphia (Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., on the brief), for Warner Bros. Pictures Distributing Corporation.

Earl G. Harrison, Philadelphia, Pa. (Wm. A. Schnader, Arlin M. Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for Loew's, Inc., Paramount Film Distributing Corporation, RKO Radio Pictures, Inc., Twentieth Century Fox Film Corporation, United Artists Corporation, Universal Film Exchanges, Inc., and Columbia Pictures Corporation.

Before McLAUGHLIN and O'CONNELL, Circuit Judges, and FEE, District Judge.

PER CURIAM.

In the Court below, appellants filed a bill of complaint seeking a mandatory injunction. They then moved for a preliminary injunction. That motion was regularly ordered for hearing and came on for hearing on the day assigned. At that hearing, the District Judge determined that no testimony should be offered and denied the motion. The only opinion in the case is the oral opinion of the District Judge in the course of his denial of the motion. No findings of fact and conclusions of law were filed.

It is obvious that appellants were not allowed the hearing contemplated by Rule 65(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Sims v. Greene, 3 Cir., 161 F.2d 87. As a result, there were no findings as required by Rule 52(a) of the Federal Rules of Civil Procedure, and there are no means of telling on what ground the Trial Judge acted. Apparently it was on the theory that the complaint did not state a claim upon which relief could be granted. On this question, no opinion is here expressed.

The order denying appellants' motion for a preliminary injunction will be reversed and the cause remanded for further proceedings in accordance with this opinion.