**AMERICAN RADIATOR & STANDARD SANITARY CORPORATION,**
Plaintiff,

v.

**SUNBEAM CORPORATION,**
Defendant.

United States District Court
S. D. New York.
Nov. 17, 1954.

# 840

Sullivan & Cromwell, New York City, Roy H. Steyer, Robert Lockwood, New York City, of counsel, for plaintiff.

Woodson, Pattishall & Garner, Chicago, Ill., Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Beverly W. Pattishall, George R. Clark, Chicago, Ill., of counsel, for defendant.

DAWSON, District Judge.

This action seeks a permanent injunction to enjoin the defendant from using the trademark and tradename Sunbeam in connection with heating, cooling, and air-conditioning equipment. On the papers before me, plaintiff seeks a preliminary injunction.

The facts briefly stated are as follows:

The plaintiff, American Radiator and Standard Sanitary Corporation, manufactures a wide range of items used by the building, heating, and plumbing industries. The defendant Sunbeam Corporation is a large manufacturer of electrical household appliances and metal treating furnaces.

In 1920, the Fox Furnace Company, a predecessor corporation of the plaintiff, began to use the trademark and tradename Sunbeam in connection with the manufacture and sale of heating and ventilating equipment. In 1922, it filed an application for the registration of its trademark Sunbeam in the United States Patent Office for use on coal furnaces, in class 34, "heating, lighting, and ventilating apparatus, not including electrical apparatus", which trademark was registered under the Act of 1920 on July 5, 1923. Plaintiff did not re-register its tradename Sunbeam under the Lanham Act, 15 U.S.C.A. § 1051 et seq., and relies on its Common Law right.

In 1921, the defendant adopted and used the trademark Sunbeam for certain electrical appliances manufactured and sold by it. This trademark was first registered with the United States Patent Office on August 2, 1921 for use on electrical flat irons and thereafter, commencing in 1928, it was re-registered in almost each successive year for use on different electrical appliances.

Both plaintiff and defendant have extensively used and advertised the name Sunbeam for their respective products for many years. Until 1953, the product categories for which each used the name Sunbeam were separate and distinct and no question had arisen as to the right of each to the use of the name in their respective fields—electrical household appliances by the defendant, and oil and gas fired industrial, and building, heating and cooling units by the plaintiff. Plaintiff's mode of distribution normally has been through the trade, via building, heating, and plumbing contractors. Defendant's mode of distribution generally

has been directly to the public through retailers of electrical equipment and appliances.

In 1953, plaintiff set up and advertised to the trade a separate division, encompassing its household heating and cooling business, known as the Sunbeam Air-Conditioning Division. So far the air-conditioning apparatus advertised by it seems to have been large units for the heating or cooling of a structure or part of a structure by a central furnace or unit, either gas fired or oil fired. It has not yet, so far as the motion papers disclose, entered upon the sale of electrically powered individual room air-conditioners. In March of 1954, defendant started to market electrical room air-conditioners under the tradename Sunbeam. Shortly thereafter, plaintiff commenced this action.

The complaint alleges two causes of action—one for trademark and tradename infringement, the second for unfair competition and unfair business practices. In each, plaintiff alleges that the use of the name Sunbeam on air-conditioning equipment will damage plaintiff's established good will and reputation; will encourage and induce others to violate plaintiff's trademark and tradename and thus engage in unfair competition; and will cause confusion in the trade and deception to the public with respect to the trademark and tradename.

██ There is no right of either party to the exclusive use of the name Sunbeam on all possible items of manufacture. A word such as this, which has been used as a trademark for a large number and variety of products, will be protected only within the range of use on similar goods. Sunbeam Lighting Co. v. Sunbeam Corp., 9 Cir., 1950, 183 F.2d 969, certiorari denied 340 U.S. 920, 71 S.Ct. 357, 95 L.Ed. 665. A word acquires a secondary significance as a trademark or tradename only in connection with some particular article or type of article. The same word may properly be used by others on articles of a different category.

The issue in this case is therefore: Does the past use of the word Sunbeam by the plaintiff in connection with air-conditioning units for heating or cooling a structure, or part of a structure, by central furnaces or units operated with oil or gas, give the plaintiff a right to pre-empt this name for the entire air-conditioning field so that another party may not use the word Sunbeam in connection with individual room air-conditioners which are operated by electricity from room outlets? Plaintiff first used the word in connection with the first type of air-conditioning apparatus. Defendant first used the word in connection with the second type of air-conditioning apparatus. If each type of apparatus is a separate category, there is no conflict. If, however, air-conditioning is an all-inclusive category, then there is a conflict.

██ A preliminary injunction is a drastic remedy. It generally will not be granted where there are doubtful issues of fact which may determine the result. Huber Baking Co. v. Stroehmann Bros. Co., D.C.S.D.N.Y.1953, 114 F.Supp. 411; affirmed 2 Cir., 208 F.2d 468; Federal Telephone & Radio Corp. v. Federal Television Corp., 2 Cir., 1950, 180 F.2d 250; Atlantic & Gulf West Coast v. United States, D.C.S.D.N.Y.1950, 90 F.Supp. 554.

██ There are issues of fact involved in this case which should not be determined on affidavits alone but should be determined at a trial where those issues can be tested in the crucible of oral examination and cross-examination. There is, for example, the fundamental issue as to whether, in the trade, air-conditioning is a generic term and whether confusion will result to customers when the plaintiff sells its type of apparatus under the name of Sunbeam and the defendant also sells its electrical room air-conditioners under the same name. This is an issue which this Court has not been able to resolve from the papers submitted on the motion. It is

an issue which must be determined at a trial.

There is the further issue as to whether the plaintiff, by failing to enter the field of electrically operated room air-conditioning equipment, has left that field open to the defendant, which apparently was the first to enter that particular field. This is also an issue on which all the facts should be developed at a trial. It may be pointed out in this connection that it cannot be concluded as a matter of law that the defendant has adopted the word Sunbeam with the improper motive of trading upon the good will of the plaintiff. Defendant is well known in the electrical appliance field. If an electrically operated room air-conditioner is an electrical appliance, it is not inappropriate that defendant should use its name on such an appliance. It is true that such use might make it more difficult for the plaintiff hereafter to use the name on electrically operated room air-conditioners, if it should seek to enter that field, but this fact alone would not be sufficient to warrant granting a preliminary injunction. Federal Telephone & Radio Corp. v. Federal Television Corp., 2 Cir., 1950, 180 F.2d 250.

Furthermore, the possibility of confusion between two users should not always, in and of itself, tip the scales in favor of the first user. Emerson Electric Mfg. Co. v. Emerson Radio & Phonograph Corp., 2 Cir., 1939, 105 F.2d 908, certiorari denied 308 U.S. 616, 60 S.Ct. 262, 84 L.Ed. 515. If there did result some confusion, the resulting prejudice to the plaintiff might not counterbalance the prejudice to the defendant if it were prevented from doing this business under its own name. See S. C. Johnson & Son v. Johnson, 2 Cir., 1949, 175 F.2d 176, 180, certiorari denied 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527.

The extent to which the parties' interests will be affected, or the public confused, by the use of the common name is a matter which must be determined from more proof than can be obtained merely by affidavits on an application for preliminary injunction.

So also the question as to whether the use of the same name by the defendant will result in irreparable injury to the plaintiff before a final decree can be entered is not so free from doubt that it would warrant the Court in granting this relief at this time. Plaintiff, up to the present time, does not appear to have entered the field of electrical room air-conditioning units. The proof is not conclusive that the sale of those units by the defendant will interfere with the sale of the apparatus now sold by the plaintiff for heating and cooling by furnaces or units designed to use oil or gas. There has been no evidence in the moving papers of any actual damage resulting to the plaintiff from the use of the name by the defendant. Here again the facts must be developed at a trial.

The motion for preliminary injunction is denied. So ordered.