Virgil D. HAWKINS,

v.

BOARD OF CONTROL OF FLORIDA, a body corporate, and R. S. Johnson, Registrar of the University of Florida.

No. 17116.

United States Court of Appeals Fifth Circuit.

April 9, 1958.

Constance Baker Motley, Thurgood Marshall, Robert L. Carter, New York City, Francisco A. Rodriguez, Tampa, Fla., for appellant.

Richard W. Ervin, Atty. Gen. of Fla., Ralph E. Odum, Asst. Atty. Gen., John J. Blair, Asst. Atty. Gen., Tallahassee, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

PER CURIAM.

In the court below appellant filed a bill of complaint alleging that he was being deprived of admission to the law school of the University of Florida solely because he was of the Negro race. He moved for a preliminary injunction. This motion was regularly ordered for hearing and came on for hearing after

due notice. At that hearing the District Court declined to permit appellant to introduce any evidence and denied the motion for preliminary injunction.[1] The question presented to us is whether the court erred in entering its order complained of.

Rule 65(b), F.R.C.P., 28 U.S. C.A., requires that a motion for a preliminary injunction "shall be set * * * for hearing * * *." Hearing requires a trial of an issue of fact. Trial of an issue of fact necessitates an opportunity to present evidence. Sims v. Greene, 3 Cir., 161 F.2d 87. Since appellant was not given the opportunity to present evidence in his behalf, the order denying the preliminary injunction must be set aside.

In his complaint appellant alleges that he had been striving since 1949 to obtain admission to the state law school in question. Much of this time has been consumed in litigation in an effort to vindicate this asserted right. He prayed that the court advance this case on its docket and order a speedy hearing on the merits in order that, if entitled thereto, he might be admitted to the next term of the law school. In these circumstances this request should be granted and the cause should be expedited to the end that a trial may be had on the merits at the earliest practicable date.

The order of the trial court denying the preliminary injunction is reversed and the cause is remanded for further proceedings in accordance with this opinion. It is further ordered that, upon the filing of this opinion, the judgment as and for the mandate, together with a copy of this opinion, issue forthwith.

[1]. Stating in part: "It is the conviction of this Court that this case involves questions of utmost importance to the negro race and to the University of Florida, and that no order should be entered in the absence of a full hearing on the contentions and defenses of both parties to the litigation. This Court is of the opinion that testimony proffered by the petitioner is unnecessary at this time for the reasons stated above."