**CEMENT ENAMEL DEVELOPMENT, INC., a Corporation, Plaintiff,**

v.

**CEMENT ENAMEL OF NEW YORK, INC., a Corporation, Edgar M. Fitzsimons, Edward D. Rossmann, Alice C. Fitzsimons, Defendants.**

United States District Court
S. D. New York.
Sept. 19, 1960.

Colman, Nord & Krass, by Benjamin W. Colman, Southfield, Mich., Kane, Dalsimer & Kane, New York City, of counsel, by Haynes N. Johnson, New York City, for plaintiff.

Fellner & Rovins, New York City, Morris J. Fellner, Leonard W. Wagman, James M. Hartman, New York City, of counsel, for defendants.

DAWSON, District Judge.

This action seeks an injunction to enjoin the defendants from using the words "Cement Enamel" in the name of the defendant corporation and from passing off or substituting a surfacing material of another's manufacture in response to orders for "cement enamel."

There is now presented to the Court a motion in three parts: (1) for a default judgment, (2) for a preliminary injunction and (3) for a preference.

■ The motion for a default judgment was withdrawn on the argument. The motion for a preference, under the rules of this court, must be made to the Chief Judge and cannot be considered by the judge in the motion part.

This leaves only the motion for a preliminary injunction.

Plaintiff maintains that it is the owner of a trade-mark registration for the words "Cement Enamel" for vitreous wall surfacing, and that this trade-mark identifies plaintiff as the sole and single source of cement enamel wall surfacing materials. Plaintiff maintains that defendant, by using the words "cement enamel" in its corporate name, and by its method of doing business, is diluting its trade-mark and committing acts of unfair competition.

Defendant maintains that "cement enamel" is a generic term and hence not susceptible of being a trade-mark. It denies that it has palmed off material of other manufacturers as material of the plaintiff, or has committed acts of unfair competition.

Plaintiff has submitted voluminous affidavits and depositions. Defendant has countered with other affidavits.

It is obvious that there are substantial issues of fact in this case. There is, for example, the issue of fact as to whether "cement enamel" is a generic term in the building industry. On this expert testimony may prove necessary. The issues certainly cannot be determined by a judge on mere affidavits and papers submitted on the motion.

There is also the very sharply contested question of fact as to whether defendant has been guilty of acts of unfair competition. Here again proof is needed.

■ A preliminary injunction is a drastic remedy which generally will not be granted where doubtful issues of fact exist which may determine the result. See American Radiator & Standard Sanitary Corp. v. Sunbeam Corp., D.C.S.D. N.Y.1954, 125 F.Supp. 839, 841 and cases cited therein.

■ As was pointed out in the above case, where issues of fact are involved, the drastic remedy of preliminary injunction should not be granted until the facts have been tested out in the crucible of oral examination and cross-examination. No immediate irreparable harm would seem to threaten the plaintiff by having this case actually tried. The papers assert without dispute that plaintiff is not doing business in the New York area.

Plaintiff, however, should have an opportunity for a prompt trial and if application is made to the Chief Judge for a preference the attorneys may report that this judge will be in favor of granting that preference.

Under the circumstances, however, the Court finds itself unable to grant the drastic remedy of preliminary injunction on this motion. The motion is therefore denied. So ordered.