405 P.2d 634

**LAWRENCE WAREHOUSE COMPANY,**
a Corporation, Plaintiff-Respondent,

v.

**RUDIO LUMBER COMPANY,** an Idaho Corporation, Henry Martin, Individually, and Clyde Sterner, Individually, and as officers, agents and employees of Rudio Lumber Company, Defendants-Appellants.

**No. 9556.**

Supreme Court of Idaho.

Sept. 10, 1965.

Peter G. Leriget, Moscow, Raymond L. Givens, Boise, for appellants.

**392**

Miller & Knudson, Coeur d'Alene, for respondent.

TAYLOR, Justice.

Plaintiff (respondent) brought this action to obtain a permanent injunction to prevent alleged trespassing by defendants (appellants) upon lands to which plaintiff claimed exclusive right of possession by virtue of a lease held by it as lessee. The lease—attached to the complaint as exhibit A—executed by Tensed Manufacturing, Inc., as lessor, described certain real property in the village of Plummer in Benewah county, and a dry kiln located thereon, and provides that the premises are "to be occupied for the conduct of a field warehouse on a tenancy from month to month, * * * for the aggregate rental of One Dollar ($1.00)." The trespass complained

of was alleged in the complaint as follows:

"That the defendant, Rudio Lumber Company, and its agents and employees, and in particular, Henry Martin and Clyde Sterner and Henry Martin, individually, and Clyde Sterner, individually, have repeatedly, against the protests of the plaintiff, trespassed upon the warehouse land, buildings and equipment of the plaintiff, have destroyed locks and cut chains, have entered into the dry kiln under the lease, as shown by Exhibit "A", have stored lumber thereon, have threatened to operate said dry kiln, all of which is contrary to the rights of the plaintiff herein."

The complaint also alleged damage resulting from the trespass and that plaintiff had no plain, speedy or adequate remedy at law. The prayer was for a temporary injunction; that upon hearing the injunction be made permanent; and that plaintiff recover $5,000 damages.

Plaintiff filed with the complaint a motion for preliminary injunction and an affidavit made by a representative of the plaintiff—the same person who verified plaintiff's complaint. The affidavit alleged that defendants made repeated trespasses into the warehouse area and "have deposited and/or removed lumber therefrom without the right or authority from this plaintiff;" and that defendants have threatened to continue such trespasses and have threatened to operate the dry kiln located upon the leased premises; and that such trespasses have damaged and continue to damage plaintiff.

The motion for preliminary injunction was noticed for hearing on July 14, 1964. On that date defendants appeared and filed a verified answer and counterclaim. The answer denied the allegations of alleged trespasses, threatened trespasses, and damages. In their counterclaim defendants alleged that no property remains in possession of plaintiff upon which it can claim a warehouseman's lien; that the Tensed company has gone out of business; that plaintiff's lease has been abandoned and superseded by storage contract between plaintiff and Stitzinger Lumber Company; that plaintiff no longer stores any goods upon the leased premises for either the Tensed or Stitzinger companies; and that plaintiff's interference with defendants' business operations has damaged defendants in the sum of $150,000.

The clerk's minutes for July 14, 1964, show the following:

"The plaintiff submitted the matter based upon the verified Complaint, and the Affidavits in support thereof.

"The defendants made an offer of proof and moved the Court to call witnesses in support thereof.

"The Court accepted the offer of proof and denied oral testimony.

"The Court heard counsel and ordered that the injunction be issued."

The order granting the preliminary injunction recites that the motion therefor was made under and pursuant to IRCP 65, and

"the Court having examined the Complaint and the Affidavit in support of the Motion for Preliminary Injunction; and having heard the offer of proof of the defendants, there being no counter-affidavit of file or of record herein; * * *."

After posting and approval of the required bond in the sum of $20,000, the writ of injunction was served upon defendants on July 31, 1964.

July 23, 1964, defendants filed an amended answer and counterclaim which contained the same denials as the original answer and in substance the same affirmative allegations of the original counterclaim, and in addition alleged that the defendant Rudio Lumber Company is the possessor of the premises described in plaintiff's lease; that the officers of the plaintiff corporation had repeatedly threatened to put the defendants out of business and that plaintiff's actions in the premises have been malicious; and prayed, in addition to $150,000 actual damages, punitive damages in the sum of $50,000.

It is evident from the complaint that the principal end sought by plaintiff in the action was the injunction prayed for, and that the preliminary injunction gave plaintiff all the relief it sought in the action, except incidental damages. This is further shown by the record made by plaintiff in this court. In its opposition to defendants' petition for early hearing of this cause, plaintiff represented to this court that pursuant to plaintiff's motion the preliminary injunction was dissolved September 16, 1964, on the ground "that the need for the same no longer existed."

In Rowland v. Kellogg Power & Water Co., 40 Idaho 216, 225, 233 P. 869 (1925), this court said:

"A temporary injunction will not usually be allowed where its effect is to give the plaintiff the principal relief he seeks, without bringing the cause to trial, neither should a preliminary injunction be dissolved where its effect would be such as to give the defendant the relief he seeks without bringing the cause to trial."

The above was quoted with approval in Gilbert v. Elder, 65 Idaho 383, 387, 144 P.2d 194 (1943). In that case both parties claimed the right to remove timber from the land involved. The opinion recites that a hearing was had, but the nature or extent

of the hearing is not disclosed. In disposing of the issue the court said:

"'* * * due process of law has been variously held to mean a law which hears before it condemns, which proceeds on inquiry, and renders judgment only after trial.' 16 C.J.S., Constitutional Law § 567, b., p. 1143.

"Here, of course, the Pack River Lumber Company was not interested in the land itself. It was, and is, as a matter of fact, interested solely in the timber standing on the land— cutting and converting it into merchantable lumber. And, as above pointed out, the effect of the order complained of by petitioners was to give the company all the relief it really sought on the hearing of an application, which by no stretch of the imagination, could be held to be a trial of the cause on its merits within the meaning of the 'due process' rule." 65 Idaho at 388, 144 P.2d at 196.

In Mountain States Tel. & Tel. Co. v. Jones, 75 Idaho 78, 267 P.2d 634 (1954), this court held that an interlocutory injunction could be issued only after a full hearing before the court, and Justice Thomas, who dissented on other grounds, added:

"The discretionary power vested in the court to grant injunctive relief in such cases is not an arbitrary one; it is a sound and legal discretion which should be exercised with great caution; the requirements of caution and sound legal discretion can only be had upon a full hearing; it is indeed a delicate power which requires an abundance of caution, deliberation and sound discretion based upon a full disclosure of the facts which demonstrate with reasonable certainty and persuasiveness the probability of confiscation; it cannot be exercised soundly or with caution without hearing all the relevant facts on the issues joined with reference to the probability of confiscation." 75 Idaho at 86, 267 P.2d at 638.

■ Our present Rules of Civil Procedure (adopted in 1958) permit the granting of a temporary restraining order to prevent immediate and irreparable injury to the applicant pending a hearing of the application for preliminary injunction. IRCP 65 (b). This was not such a case. Here the application was for a preliminary injunction, under IRCP 65(a), the propriety of which encompassed the entire controversy between the parties.

■■ In numerous cases we have held that in adopting a statute from another jurisdiction our legislature is presumed to have intended to adopt the prior construction of such statute by the courts of the jurisdiction from which it was taken, and if such construction is reasonable it will be

followed by the courts of this state.[1] The reasoning underlying the foregoing rule of statutory construction is applicable to the construction of our recently adopted (1958) IRCP where they are the same or parallel to the federal rules from which they were taken. Moreover one of the arguments advanced by the proponents of the new rules was that the courts of our state would have available a body of federal rules decisions as a guide to the application of the rules. Rule 65(a) being identical with the like numbered federal rule from which it was taken, the construction of the rule by the federal courts prior to our adoption of it, is presumed to have been adopted also. Though such presumption may not be mandatory in all cases, the federal construction of the rule will be regarded as most persuasive.

In Sims v. Greene, 161 F.2d 87 (3rd Cir. 1947), the circuit court set aside a preliminary injunction on the ground that it had been granted upon the pleadings and affidavits filed by the parties and without opportunity to the adverse party to produce oral testimony. The court said:

"The issuance of a preliminary injunction under such circumstances is contrary not only to the Rules of Civil Procedure but also to the spirit which imbues our judicial tribunals prohibiting decision without hearing. Rule 65 (a) provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies an opportunity to be heard. Hearing requires trial of an issue or issues of fact. Trial of an issue of fact necessitates opportunity to present evidence and not by only one side to the controversy." 161 F.2d at 88.

and further:

"If anything more was required to indicate with certainty that a preliminary injunction may not issue without giving the party sought to be enjoined an opportunity to present evidence on his behalf, it is furnished by the provisions of Rule 52(a) which requires the court, in all actions 'tried upon the facts without a jury' to state separately its conclusions of law and 'in granting or refusing interlocutory injunctions'

---

1. Kopp v. Baird, 79 Idaho 152, 313 P.2d 319; Johnson v. Casper, 75 Idaho 256, 270 P.2d 1012; Services, Inc. v. Neill, 73 Idaho 330, 252 P.2d 190; John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359; Chatterton v. Luker, 66 Idaho 242, 158 P.2d 809; Bishop v. Morrison-Knudsen Co., 64 Idaho 806, 137 P.2d 963; Caldwell v. Thiessen, 60 Idaho 515, 92 P.2d 1047; Allan v. Oregon Short Line R. Co., 60 Idaho 267, 90 P. 2d 707; State v. Taylor, 59 Idaho 724, 87 P.2d 454; Mundell v. Swedlund, 58 Idaho 209, 71 P.2d 434; Hanson v. Rogers, 54 Idaho 360, 32 P.2d 126; Mochel v. Cleveland, 51 Idaho 468, 5 P.2d 549; Gallafent v. Tucker, 48 Idaho 240, 281 P. 375; Merchants' Protective Ass'n v. Jacobsen, 22 Idaho 636, 127 P. 315; Stein v. Morrison, 9 Idaho 426, 75 P. 246.

'similarly [to] set forth the findings of fact and conclusions of law which constitute the grounds of its action.' The conclusion is inescapable that since a district court is required by the rule to make findings of fact, the findings must be based on something more than a one-sided presentation of the evidence." 161 F.2d at 89.

Our rule IRCP 52(a) is, so far as here concerned, identical with the like numbered federal rule.

The third circuit court again similarly applied the applicable rules in City Line Center v. Loew's, Inc., 178 F.2d 267 (3rd Cir. 1949). See also: 7 Moore, Federal Practice, Par. 65.04(3) at 1636 et seq. (2d ed. 1955); 3 Barron & Holtzoff, Federal Practice and Procedure, §§ 1431, 1433 (1958); Charles Simkin & Sons, Inc. v. Massiah, 289 F.2d 26 (3rd Cir. 1961); Carpenters' District Council, Etc. v. Cicci, 261 F.2d 5 (6th Cir. 1958); Miami Beach Federal Savings & Loan Ass'n v. Callander, 256 F.2d 410 (5th Cir. 1958); Hawkins v. Board of Control of Florida, 253 F.2d 752 (5th Cir. 1958); and the following Federal District Court decisions: Paramount Pictures Corporation v. Holden, 166 F.Supp. 684 (S.D.Cal. 1958); Evening News Pub. Co. v. Allied Newspaper Carriers, 149 F. Supp. 460 (D.N.J. 1957); American Radiator & Stand. San. Corp. v. Sunbeam Corp., 125 F.Supp. 839 (S.D.N.Y. 1954).

IRCP rule 86 in part provides:

"These rules shall take effect on November 1st, 1958, and thereafter all laws and rules of Civil Procedure in conflict therewith shall be of no further force or effect."

Previously existing statutory provisions governing issuance of injunctions, to the extent that they are purely procedural, and to the extent that they are in conflict with applicable rules of IRCP, are of no further force or effect. I.C. § 8-411 is a procedural statute. To the extent that its provisions may be in conflict with IRCP rules 65(a) and 52(a), it is no longer in force or effect.

That statute, however, does not require the party resisting an application for injunction to give notice to the moving party to produce his affiants at the hearing on the application unless the resisting party desires to cross-examine such affiants. And it is only when the resisting party does desire to cross-examine the adverse party's affiants that he must produce his own witnesses for cross-examination. The statute contains no provision tending to limit or deny the party opposing an injunction the right to present his opposition by means of oral evidence at the hearing on the application.

In this case no hearing was had on the motion for preliminary injunction,

and the defendants were denied an opportunity to present evidence in opposition to the application. The court did not make findings of fact and conclusions of law as required by IRCP 52(a). Plaintiff urges that the court considered an offer of proof made by defendants and since defendants did not request that the offer of proof be made a matter of record, it must now be assumed either that the offered proof was inadmissible or that it was insufficient to defeat the application for the preliminary injunction. The burden of proof was on the plaintiff. 7 Moore, Federal Practice, Par. 65.04(1), at 1629, 1630 (2d ed. 1955); 28 Am.Jur., Injunctions, § 25. Plaintiff having submitted the application upon its complaint and the affidavit attached thereto, the defendants were entitled to call their witnesses and present evidence. There was no occasion for an offer of proof until they had a witness on the stand and were confronted by an adverse ruling upon the testimony proposed to be elicited. Since they were not permitted to place witnesses upon the stand and make appropriate offers of testimony, we must presume that they proposed to present testimony in support of their denials of allegations of plaintiff's complaint and in support of the affirmative allegations of their counterclaim. These denials and allegations if supported by evidence, were sufficient to warrant denial of the injunction. The procedure followed by the court effectively denied defendants their right to be heard, and an opportunity to make a record of their opposition to the injunction.

▇▇▇ Timely notice and an opportunity to be heard are of the essence of due process, and are jurisdictional essentials of a valid judgment. Leonard v. Leonard, 88 Idaho 485, 401 P.2d 541 (1965); Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62.

Plaintiff moved this court to strike from defendants' brief what is titled "Appendix" containing copies of numerous documents recording alleged transactions between the plaintiff, Tensed Manufacturing Company, Stitzinger Lumber Company, and defendants, and also to strike from defendants' brief portions of the argument. In a separate motion plaintiff moved to strike a letter addressed to this court by defendants' counsel, and the copies of two documents attached thereto, the first being plaintiff's motion in the court below to vacate the preliminary injunction, and an agreement between the plaintiff and Tensed Manufacturing Company reciting a settlement of a controversy existing between those parties, which was submitted to the trial court as the basis for the dissolution of the injunction. We denied the motions to strike at the time they were submitted and have permitted plaintiff to reply to the documents and arguments sought to be stricken. Our purpose was to give the motions more ma-

ture consideration when the cause was reached on the merits.

In reaching our decision in this case, we have not found it necessary or helpful to refer to the documents or arguments against which the motions were directed. In passing we note only that they refer to evidence which would have been proper for consideration by the trial court on hearing of the application for preliminary injunction.

The order granting preliminary injunction is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Costs to appellants.

McQUADE, C. J., and McFADDEN and SMITH, JJ., concur.

DUNLAP, District Judge (dissenting):

I am unable to concur in the opinion of the court.

Since prior to 1895, the procedure provided for by Revised Statutes, Section 4297 (now Idaho Code § 8–411), as interpreted by this court in 1898, in the case of Raft River Land and Cattle Co. v. Langford, 6 Idaho 30, 51 P. 1027, has been the established rule of procedure followed by the courts and parties litigant in preliminary injunction matters when a hearing on the merits was desired by the party opposing the injunction.

That procedure provides for a full hearing on the merits if the required notice is given. The statute is as follows:

"Upon the hearing of an application for an injunction upon notice to the adverse party, or upon return of an order to show cause why an injunction should not be granted, or upon an application to dissolve or modify an injunction granted without notice, where the injunction was granted or is applied for wholly or in part upon affidavits, the party resisting the application or moving to dissolve the injunction may, by three days' written notice, require the adverse party to produce at the hearing for cross-examination before the court or judge, the affiants of the affidavits upon which he relies for the injunction, or to resist the application for its dissolution; and any party so requiring his adverse party to produce his witnesses at such hearing must himself produce for cross-examination, the witnesses upon whom he relies upon such hearing; and either party may have the same process to secure the attendance of witnesses at such hearing, as upon trial of issue of fact in the district court; and in such case, where the attendance of witnesses shall have been so required, no affidavit shall be read or considered by the court or judge upon such hearing unless the affiant is so produced for cross-examination:

**400**

provided, that the court or judge may, at the conclusion of the examination of the witnesses produced by the respective parties, for good cause shown, adjourn the hearing to enable either party to secure the attendance of an absent affiant, or may direct his examination to be taken in writing before such officer and at such time and place as the court or judge may designate. The examination of any witness produced before the court or judge must, upon request of either party, be reduced to writing, subscribed by the affiant, certified by the judge and filed in the action, and, with any examination taken in compliance with the order of the court or judge, be made a part of the record upon appeal in the same manner as affidavits are made a part of such record." I.C. § 8–411.

In the Raft River case cited above, this court construed this statute as follows:

" * * * It will, we think, be apparent, from an examination of this section of our Statutes, that it is not contemplated therein that any hearing, either upon an order to show cause or an application to dissolve an injunction as in said section provided for, shall be heard otherwise than upon the pleadings in the case and affidavits filed in support thereof, except as in said section provided, where, upon notice by the adverse party, the moving party is required 'to produce at the hearing, for cross-examination before the court or judge, the affiants of the affidavits upon which he relies for the injunction or to resist the application for its dissolution.' It is only when the party opposing the motion or required to respond to the order to show cause has by notice required the moving party to produce the affiants of his affidavits, at the hearing for cross-examination, that such opposing party is *authorized* or required by the statute to produce witnesses upon the hearing." 6 Idaho at 34, 51 P. at 1029 (Emphasis supplied).

The record in this case reflects that upon due notice the motion for preliminary injunction was heard on July 14, 1964. The notice provided for by I.C. § 8–411 was not given by appellants; no opposing affidavits were filed and appellants' answer and cross-complaint were not filed until the day of the hearing. As far as the record before the court shows, respondent had no notice whatsoever that the motion for preliminary injunction would even be opposed, or that it would be faced at the hearing with the necessity of meeting or controverting any evidence whatsoever produced by appellants. Respondent had the right to expect that the established statutory procedure honored and accepted by this court for over seventy years would be followed at the hearing and

the matter determined on the affidavit filed in support of the motion for preliminary injunction.

In spite of the sorry state of the record made by appellants, they were not deprived of a hearing on the merits for the court did accept their offer of proof. This offer of proof was not made a matter of record and this court has not the slightest idea of the contents thereof. It could have had merit or it could have been utterly ridiculous. Upon some basis, which totally escapes the writer of this opinion, the majority opinion reaches the conclusion that the evidence offered would have supported the denials of the answer and the allegation of the cross-complaint. The record before the court fails to support this conclusion.

It must be assumed, in absence of anything in the record to the contrary, that the trial court in the exercise of its sound discretion considered the offer and found it without merit.

The granting or refusing of injunctive relief rests in the sound discretion of the court and the exercise of such discretion by the trial court in granting or refusing a temporary injunction will not be reversed on appeal unless a clear abuse of discretion is shown. Unity Light & Power Company v. City of Burley, 83 Idaho 285, 361 P.2d 788. No abuse of discretion is apparent from the record.

The majority opinion reaches the conclusion that the procedure established by I.C. § 8–411 is not applicable here because of the adoption of IRCP 65(a) and IRCP 52(a), and suggests that the code section is in conflict with those rules. I can find no conflict. IRCP 65(a) provides only that no preliminary injunction shall be issued without notice to the adverse party, and IRCP 52(a) pertains to the making of finding of fact and conclusion of law. Idaho Code § 8–411 provides for a full hearing on the merits if the required procedure is followed. It was not followed in this case by appellants.

The majority opinion cites the case of Sims v. Greene, 161 F.2d 87, and a number of other federal cases for the proposition that a preliminary injunction should not issue upon the pleadings and affidavits without opportunity to the adverse party to produce oral testimony. I have no quarrel with this proposition, but submit that I.C. § 8–411 provides the opportunity for the presentation of oral evidence if the established procedure is followed by giving due notice to the applicant.

The affidavit filed in support of the motion for preliminary injunction, in the absence of proof to the contrary, is sufficient under the state of the record before this court to support the trial court's order granting the temporary injunction and the order contains sufficient findings of fact and con-

clusions of law to satisfy the provisions of IRCP 52(a).

The order granting the preliminary injunction should be affirmed.