596 P.2d 106

CONSOLIDATED CONCRETE CO., a corporation, Plaintiff-Counter Defendant-Respondent,

v.

EMPIRE WEST CONSTRUCTION CO., INC., Everett Schutte and Harold Crowson, Defendants-Cross Defendants.

TEKTON, INC., and Employers Mutual Liability Insurance Co. of Wisconsin, Defendants-Counter Claimants-Cross Claimants-Third Party Plaintiffs-Appellants,

v.

SCHUTTE MASONRY, INC., an Idaho Corporation, Third Party Defendant.

No. 12761.

Supreme Court of Idaho.

June 14, 1979.

William D. Collins of Collins, Manly & Williams, Boise, for Tekton, Inc., et al.

E. Don Copple of Davison, Copple & Copple, Boise, for Consolidated Concrete Co.

SCOGGIN, Justice Pro Tem.

On June 11, 1975, defendant-appellant Tekton, Incorporated, a Utah Corporation (hereafter contractor) entered into a contract with the State of Idaho for the construction of a building at Boise State University. Pursuant to I.C. § 54–1926, the contractor and its surety, defendant-appellant Employers Mutual Liability Insurance Company of Wisconsin, filed their bond guaranteeing payment to all laborers and suppliers of the project.

The contractor, on June 27, 1975, entered into a subcontract with Empire West Construction Company, an Idaho corporation, for all concrete work to be done on the building. Empire West then contracted with plaintiff-respondent Consolidated Concrete Company (hereafter supplier) for the supply of redi-mix concrete to be delivered to the construction site.

The supplier began delivering concrete to the site in July, 1975. All deliveries have been paid in full except for those of the month of February 1976. The value of the concrete delivered during February was $11,582.68. The supplier brought this action to recover that amount.

The supplier brought the action against the subcontractor, Empire West; against Everett Schutte and Harold Crowson, Empire West's officers and directors; and against the contractor and its surety. Summary judgment was entered against Empire West on its contract, but apparently that corporation is now bankrupt and unable to satisfy the judgment. Pursuant to stipulation of all parties, the action was then bifurcated for trial, with the supplier's claim against the contractor and its surety being tried first. The supplier sought recovery against the contractor and its surety on the bond and against the contractor indi-

vidually on a theory of implied contract. The answer denied the existence of the implied contract and alleged that the supplier had failed to comply with the notice requirements of I.C. § 54–1927 and therefore could not recover on the bond.

The evidence at trial disclosed that the supplier began delivering concrete in July 1975 and continued making deliveries until construction on the project was completed. All payments were made by checks drawn monthly by the contractor and payable to Empire West and the supplier jointly.

On February 24, 1976, the contractor relieved Empire West of its duties under the subcontract. On the same day, the contractor informed the supplier that all deliveries after March 1, 1976, were to be billed directly to the contractor and not to Empire West.

On April 19, 1976, the supplier notified the contractor by telephone that it had not been paid for the February deliveries. In response to the contractor's request on April 22, 1976, the supplier sent to the contractor by regular mail a letter, together with the February statement and invoices, stating that it had not been paid. Nothing further occurred in the matter until the supplier's attorney demanded payment on August 12, 1976.

On these facts the district court rendered its memorandum decision in favor of the supplier for the full amount of the February deliveries plus attorney fees of $3,750 under I.C. § 54–1929. Findings of fact and conclusions of law were entered. The court determined that the letter, statement and invoices sent by the supplier on April 22, 1976, substantially complied with the requirements of I.C. § 54–1927. The implied contract claim was denied. Judgment on the bond was entered and certified under I.R.C.P. 54(b) for $11,582.68 plus attorney fees of $3,750.

The contractor raises five issues on appeal; the first four are directed toward the district court's determination that the supplier complied with the notice requirements of the statute, and the fifth concerns attorney fees on appeal. I.C. § 54–1927 provides in pertinent part that "Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under this act, and who has not been paid in full therefor before the expiration of a period of ninety (90) days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute such action to final judgment for the sum or sums justly due him and have execution thereon; provided, however, that *any such claimant* having a direct contractual relationship with a subcontractor of the contractor furnishing such payment bond but no contractual relationship expressed or implied with such contractor *shall not have a right of action upon such payment bond unless he has given written notice* to such contractor *within ninety (90) days from the date on which such claimant performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the person to whom the material was furnished or supplied* or for whom the labor was done or performed. Each notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business or at his residence." (Emphasis added.)

Although the written notice was served by regular mail rather than by registered or certified mail, such defect is not fatal. The registered or certified mail requirement is intended "to assure receipt of the notice, not to make the described method mandatory so as to deny right of suit when the required written notice within the specified time has actually been given and received." *Fleisher Engineering & Const. Co. v. United*

*States,* 311 U.S. 15, 19, 61 S.Ct. 81, 83, 85 L.Ed. 12, 15 (1940); *see also U. S. v. Peerless Cas. Co.,* 255 F.2d 137 (8th Cir. 1958), cert. den. 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69. It is undisputed that written notice was given and received within 90 days, and that such notice stated with substantial accuracy the amount claimed and the name of the subcontractor to whom the concrete was delivered. The contractor nevertheless contends that the notice did not inform the contractor that the supplier was looking to it for payment of the bill.

Federal cases construing the Miller Act, 40 U.S.C. § 270b(a), from which I.C. § 54–1927 is taken, have held that the written notice must inform the contractor, either expressly or by implication, that the supplier is looking to it for payment of the subcontractor's bill. *United States v. Thompson Const. Co.,* 273 F.2d 873 (2d Cir. 1959), cert. den. 362 U.S. 951; 80 S.Ct. 864, 4 L.Ed.2d 869; *Old Dominion Iron & Steel Corp. v. Mass. Bonding and Ins. Co.,* 272 F.2d 73 (3d Cir. 1959); *Bowden v. United States,* 239 F.2d 572 (9th Cir. 1956), cert. den. 353 U.S. 957, 77 S.Ct. 864, 1 L.Ed.2d 909. Since our statute was enacted subsequent to these decisions, it is presumed that the interpretation placed upon the federal act by the federal courts was adopted by the legislature as part of our statute. *City of Weippe v. Yarno,* 96 Idaho 319, 528 P.2d 201 (1974); *Lawrence Whse. Co. v. Rudio Lumber Co.,* 89 Idaho 389, 405 P.2d 634 (1965). The question of whether or not the contractor is put on notice that the supplier is looking to it for payment is a question of fact. *Strickland v. United States,* 295 F.2d 186 (3d Cir. 1961). The district court heard testimony from both sides regarding the effects of the telephone conversation and the April 22 letter, statement and invoice. The court determined that the contractor was sufficiently notified of the claim against it. After entry of judgment, the contractor made a post-trial motion to amend the findings of fact to read: "The notice did not inform Tekton [contractor] either expressly or impliedly that Plaintiff [supplier] was looking to Tekton for payment of the Empire West Bill. The letter is not in the form of a claim or demand against Tekton." The proposed finding was rejected and the motion was denied by the district court.

After carefully reviewing the record, we conclude that there is substantial and competent evidence to support the district court's determination that the contractor received notice of the supplier's claim against it. Although there was a conflict in the testimony, we cannot say that the court's determination was clearly erroneous. I.R.C.P. 52(a); *Skelton v. Spencer,* 98 Idaho 417, 565 P.2d 1374 (1977). The judgment is therefore affirmed. Costs and attorney fees to respondent pursuant to I.C. § 54–1929.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.